MELVIN, Judge.
Appellant/defendant seeks reversal of a judgment entered in favor of his former wife, Mary S. H. Jacobs, in her suit against him to recover one-half of the proceeds from pine timber alleged to have been cut from lands owned by the parties in Lake County, Florida. The judgment was for the sum of $12,633.20, together with costs.
In the final judgment of dissolution of marriage it was provided that as to the property in Lake County, upon the rendition of such judgment, the parties would own the same as tenants in common. Prior to the date of the judgment, the appellant had sold to a lumber company all of the pine timber standing on the Lake County property and he received, prior to and subsequent to the date of the judgment dissolving the marriage, the total sum of $25,-266.40. The final judgment of dissolution provided that the entry of the same would constitute a settlement of all claims and demands as between the parties up to and including the date of such judgment. However, Mrs. Jacobs did not know and Mr. Jacobs did not reveal to her or to the court that there had been received by him this sum of money from the sale of the trees from the land. The final judgment purporting to settle the property rights of the parties directed that the appellant, within a specified period, furnish to his wife two legal descriptions that would, in his opinion, accomplish an equitable division of the property, and that he should do so within a specified period of time. Upon the legal descriptions having been furnished to her, she went upon the land on two occasions and observed that pine timber had been cut from one area and a lesser amount had been cut from the other. She chose as her parcel the area from which only a small portion of pine timber had been cut. The testimony reveals that 90 percent of the pine timber had been cut from the parcel remaining for the appellant, Mr. Jacobs, the remaining 10 percent of the pine timber having come from the parcel selected by Mrs. Jacobs.
Under all of the circumstances surrounding this case, it is our conclusion that the trial court erred in rendering judgment for the appellee for one-half of the total of the proceeds of the timber sales, but that such judgment should have been limited to 10 percent of the proceeds of such sale. That would represent a just return to her of the money received from timber coming from the parcel of land selected by her following her second inspection of the premises.
As to appellant’s counterclaim that he is entitled to repayment for one-half of the mortgage payments made by him on the Lake County property, the real estate *76 taxes and other incidental expenses, all of these matters were known to him at the time of the property stipulation and settlement that was incorporated in the final judgment. Therefore, it is well established law that he is by such judgment estopped from now asserting such claims.
The final judgment appealed from is reversed with directions to enter judgment in favor of the appellee and against the appellant in the sum of $2,526.64, together with costs.
Affirmed in part and reversed in part.
McCORD, C. J., and ERVIN, J., concur.